United States Department of Justice
Office of the United States Trustee
110 N. College Avenue, Suite 300
Tyler, Texas 75202
(903) 590-1450; Fax (903) 590-1461

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| | § | |
| CFO MANAGEMENT HOLDINGS, LLC, | § | Case No. 19-40426 |
| *et al.*[1] | § | |
| | § | |
| Debtors | § | Jointly Administered |
| | § | |

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTORS' MOTION TO EMPLOY AND RETAIN SIERRA CONSTELLATION PARTNERS, LLC, AND TO DESIGNATE LAWRENCE PERKINS AS CHIEF RESTRUCTURING OFFICER (DOCKET #11)**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE PRESIDING:

William T. Neary, the United States Trustee for Region 6 ("U.S. Trustee") hereby files in the above-numbered and captioned jointly administered bankruptcy cases ("Cases") his Objection ("Objection") to Debtors' Motion to Employ and Retain Sierra Constellation Partners, LLC, and to Designate Lawrence Perkins as Chief Restructuring

---

[1] Carter Family Office, LLC, 5899 Preston Road, Ste. 203, Frisco, TX 75034, EIN# XX-XXX1652 Case No. 19-40432; CFO Management Holdings, LLC, 5899 Preston Road, Ste. 203, Frisco, TX 75034, EIN# XX-XXX6987, Case No. 19-40426; Christian Custom Homes, LLC, 5899 Preston Road, Ste. 203, Frisco, TX 75034, EIN# XX-XXX4648, Case No. 19-40431; Double Droptine Ranch, LLC, 5899 Preston Road, Ste. 203, Frisco, TX 75034, EIN# XX-XXX7134, Case No. 19-40429; Frisco Wade Crossing Development Partners, LLC, 5899 Preston Road, Ste. 203, Frisco, TX 75034, EIN# XX-XXX4000, Case No. 19-40427; Kingswood Development Partners, LLC, 5899 Preston Road, Ste. 203, Frisco, TX 75034, EIN# XX-XXX1929, Case No. 19-40434; McKinney Executive Suites at Crescent Parc Development Partners, LLC, 5899 Preston Road, Ste. 203, Frisco, TX 75034, EIN# XX XXX2042, Case No. 19-40428; North-Forty Development LLC, 5899 Preston Road, Ste. 203, Frisco, TX 75034, EIN# XX-XXX5532, Case No. 19-40430; and West Main Station Development, LLC, 5899 Preston Road, Ste. 203, Frisco, TX 75034, EIN# XX-XXX7210, Case No. 19-40433.

Officer ("CRO Motion") and respectfully states in support thereof:

**Background Relevant to Objections**

1. On February 17, 2019 ("Petition Date"), the Debtors filed for Chapter 11 relief. The Debtors' Cases are jointly administered.

2. On February 20, 2019, the Debtors filed the CRO Motion to retain Sierra Constellation Partners, LLC ("Sierra") and to designate Lawrence Perkins ("Perkins") as Chief Restructuring Officer ("CRO") under the terms described in the CRO Motion, an accompanying proposed order, and an attached engagement letter ("Engagement Letter"). Perkins is the founder and CEO of Sierra.

3. On March 4, 2019, the U.S. Trustee filed his notice of appointment of creditors' committee. As of the filing of this Objection, the U.S. Trustee understands the committee is in the process of obtaining counsel.

4. On March 5, 2019, CPIF Lending, LLC, filed its motion for the appointment of a chapter 11 trustee ("Trustee Motion"), which the Court set for consideration on April 2, 2019, at 2:30.

*Pre-Petition Date Background Relevant to Objections*

5. According to the Debtors' papers filed in the Cases, during the months immediately pre-petition, the Debtors' 100% owner and principal, Mr. Phillip Carter, and the Debtors were under investigation by the SEC and Texas State Securities Board ("TSSB").

6. On information and belief, in the month before the Petition Date, Phillip Carter formed Debtor CFO Management Holdings, LLC ("CFO Holdings"), and transferred 100% of the ownership interests in all the other Debtors into CFO Holdings for collective

management by Perkins, functioning as a CRO, and assisted by Sierra.

7. On or about January 18, 2019, to remove Phillip Carter from control over the Debtors, Phillip Carter signed that certain Company Agreement of CFO Management Holdings, LLC, (the "Company Agreement") to appoint Perkins as the sole manager of CFO Holdings, while Phillip Carter retained his 100% ownership in CFO Holdings. According to the Company Agreement, "[t]he Members shall have no power or authority to manage the business and affairs of the Company and shall have no voting or consent rights, except as set forth in the [Texas Business Organizations Code]. Company Agreement at 3 (Section 3.1(a)).

8. The Engagement Letter as attached to the CRO Motion and describing the terms under which CFO Holdings retained Sierra and Perkins pre-petition appears to indicate the effective date of the Agreement (defined therein) is the date the Company Agreement is signed appointing Perkins as the sole manager of CFO Holdings. Engagement Letter at 1.

9. The Engagement Letter is signed by Perkins as CEO and Founder for SierraConstellation Partners, LLC. The Engagement Letter does not appear to be counter signed by any representative of CFO Holdings, or any other of the Debtors. According to the CRO Motion, the members of CFO Holdings, by unanimous written consent, retained Sierra and Perkins pursuant to the Engagement Letter. CRO Motion at 8 (¶ 18).

10. The Engagement Letter incorporates certain Standard Terms and Conditions into the Agreement, including a provision that appears intended to prevent a fiduciary relationship between the Debtors, on the one hand, and Sierra and Perkins on the other. Engagement Letter at 9 of 12 (¶ 23).

11. According to the CRO Motion, Sierra was paid a total of $334,209.64 for assistance rendered to the Debtors or their counsel from December 2018 to the Petition Date of February 17, 2019, and that Sierra currently holds a retainer of $25,000. CRO Motion at 7 and 10 (¶¶ 16, 25-27).

12. On information and belief, on or about February 13, 2019, several days before the Petition Date, Perkins acting as Debtors' CRO, executed a promissory note ("Pre-Petition Note") on behalf of one of the Debtors, Christian Custom Homes, LLC, for $1,250,000 to SMS Financial Strategic Investments, LLC, and executed a deed of trust to secure the Pre-Petition Note. Some of the terms of the Pre-Petition Note include:

    (a) Annual fixed interest equal to the lesser of 14% or the maximum rate of non-usurious interest allowed by applicable law.

    (b) Loan fee to the lender of $50,000.

    (c) Deposit of $175,000 into a bank account under lender's control to insure timely payment of interest.

    (d) In the event of a pre-payment of the obligation before the February 2024 maturity date, a pre-payment premium to include such interest that would have been due and payable between the date of pre-payment and February 12, 2020.

13. On information and belief, the proceeds of the Promissory Note were used, in part, to pay Sierra's pre-Petition Date fees and expenses, totaling some $334,000, and proposed Debtors' counsel's fees and expenses, totaling some $217,000.

14. According to the Engagement Letter, Sierra was entitled to a "New Capital Fee" set at differing percentages of the face amount of any new capital obtained. Engagement Letter at 4. It is not clear whether Sierra's pre-Petition Date fees paid by Debtors using the proceeds of the Promissory Note include any New Capital Fees in connection with the Promissory Note.

15. The Promissory Note is not described in the CRO Motion or its accompanying Declaration.

*Background since the Petition Date Relevant to Objections*

16. As of the filing of this Objection, the Debtors have not filed schedules or statements of financial affairs from which parties may attempt to ascertain the respective assets and claims in each of the Cases. Also, as of the filing of this Objection, the Debtors have not sought permission for the use of cash collateral or to obtain post-petition financing by which parties may attempt to ascertain the Debtors' cash flows or anticipated budgeting.

17. To date, the Debtors have obtained complex chapter 11 case treatment, joint administration of the Cases, and approval of cash management procedures.

18. All information concerning the state of the Debtors' pre- and post-Petition Date finances, cash flows, and respective assets and liabilities have come from the representations contained in the cash management motion, joint administration motion, complex chapter 11 motion, and the various applications to employ or retain professionals. The U.S. Trustee did not identify in any of the foregoing papers, or any required supportive declaration, any description of the Promissory Note or the use of its proceeds.

**Objections**

19. The U.S. Trustee objects to the retention of Perkins and Sierra under 11 U.S.C. § 363 because Perkins and Sierra are professionals appropriately subject to employment under 11 U.S.C § 327 and subject to its disinterestedness requirements. *In re North Star Management L.P.*, 308 B.R. 906, 911 (8th Cir. BAP 2004); *In re Bartley Lindsey Co.*, 120

B.R. 507 (Bankr. D. Minn. 1990), *aff'd*, 137 B.R. 305 (D. Minn. 1991). Perkins and Sierra are not disinterested within the definition of 11 U.S.C. § 101(14)(A) and (B). Historically, the U.S. Trustee has not opposed retention of CRO's under 11 U.S.C. § 363, so long as the applicant adheres to the *Jay Alix Protocol* designed to avoid actual or apparent conflicts of interest and self-dealing. In these Cases, Perkins and Sierra do not adhere to the *Jay Alix Protocol* because, among other reasons, Perkins has wholly supplanted management of the Debtors by functioning as the sole manager with no effective oversight, and in addition, expressly seeks to avoid any fiduciary responsibility to the Debtors or their estates or creditors under the terms of the Engagement Letter.

*Effect of the Company Agreement*

20. The Company Agreement purports to remove Carter from any control or influence over the Debtors. The Trustee Motion alleges that the language in the Company Agreement appearing to remove Carter from control or influence over CFO Holdings may not effectively accomplish complete separation by operation of the Texas Business Organizations Code. Trustee Motion at 11 (¶ 27).

21. The U.S. Trustee objects to the relief requested in the CRO Motion whether or not the Company Agreement effectively separates Carter and the Debtors. To the extent Perkins or Sierra are subject to any potential influence by Carter by removal or otherwise, the U.S. Trustee objects to the relief requested in the CRO Motion due to the alleged fraud by Carter. To the extent the Company Agreement fully vests all governing authority of the Debtors to Perkins, the U.S. Trustee objects to the relief requested in the CRO Motion because the complete control by Perkins runs afoul of the *Jay Alix Protocol* designed to prevent actual or apparent conflicts of interest and precisely the kind of self-

dealing that occurred in these Cases pre-petition.

*Debtor's Management Should be Beholden to the Debtors, their Estates, and Creditors*

22.  The Engagement Letter and its incorporated Standard Terms appear to remove Perkins and Sierra from any fiduciary responsibility to the Debtors or their estates or creditors. To the extent Perkins or Sierra are alienated from the interests of the Debtors, their estates, and creditors, the U.S. Trustee objects to the relief requested by the CRO Motion.

*Pre-petition Self-Dealing Should Disqualify*

23.  The pre-petition engagement of Perkins and Sierra by Perkins serving as both CFO Holdings' sole manager and CRO, on the one hand, and as CEO of Sierra, on the other hand, is suspect and the U.S. Trustee would object to the relief requested in the CRO Motion unless the Debtors demonstrate the propriety of the corporate restructuring and apparently simultaneous retention and appointment of Perkins and Sierra by CFO Holdings.

24.  In addition, the U.S. Trustee is concerned about the transactions surrounding the Promissory Note and the granting of the related security interest immediately pre-petition. Perkins, immediately pre-petition, encumbered the assets of one Debtor to obtain proceeds to pay for Perkins, Sierra, and Winstead's significant pre-petition legal and turnaround fees for all the Debtors, and those pre-petition fees may have even included a New Capital Fee payable to Sierra and Perkins, according to the Engagement Letter. The U.S. Trustee is also concerned by the lack of disclosure of these transactions in the Declaration supporting the CRO Motion, or in any of the Debtors' other filed papers.

25.     According to the CRO Motion, Perkins and Sierra were originally retained by Beard Harris who represented the Debtors while the Debtors were under investigation by the SEC and TSSB for fraudulent solicitation of investor funds and then the improper diversion of those funds among the Debtors and to Phillip Carter personally. To the extent Perkins and Sierra participated in representing the Debtors who allegedly made or received fraudulent or avoidable transfers, the U.S. Trustee objects to the relief requested in the CRO Motion.

*Expense*

26.     Finally, the U.S. Trustee objects to the relief requested in the CRO Motion because Perkins and Sierra appear far more expensive than a chapter 11 trustee for the creditors of the estates. The hourly rates provided for Perkins and Sierra's directors run from $575 to $400 per hour with one senior associate at $247.50 per hour. In the months before the Petition Date, between Perkins and Sierra and proposed Debtors' counsel, the nine Debtors expended more than $550,000, yet the Debtors have not been able to file schedules and statements of financial affairs in the Cases.

*In the Alternative*

27.     To the extent the Court would be inclined to grant the relief requested in the CRO Motion, the U.S. Trustee would seek the following:

   (a)     The CRO Motion incorporates the Engagement Letter which incorporates the Standard Terms, as any of the foregoing may be modified by the proposed Order; the U.S. Trustee would request the complete terms of any retention and appointment to be encapsulated in a single document to avoid confusion by parties in interest and any potential ambiguity or conflicts among the various documents currently reflecting the proposed terms of retention and appointment.

   (b)     The mechanics of the proposed billing and payment and objection scheme are not clear, seeming to indicate Debtors are proposed to pay Perkins and

    Sierra in the ordinary course, and that within 14 days after any payments are made Perkins and Sierra will circulate a Monthly Staffing Report subject to a 14-day objection period. However, in paragraph 7 of the proposed order, "All amounts paid by the Debtors to Sierra shall be treated and allowed as administrative expenses." The U.S. Trustee would request a fee application procedure similar to professionals under 11 U.S.C. § 330.

(c)     Neither the CRO Motion nor the accompanying papers articulate what standard should apply to any Court review of fees or expenses, such as 11 U.S.C. § 330, for example.

WHEREFORE, the United States Trustee respectfully requests the denial or the requested modifications to the relief requested in the CRO Motion, and for such other relief as may be just.

Dated: March 6, 2019                          Respectfully submitted,

                                                            William T. Neary
                                                            United States Trustee
                                                            Region 6

                                                            By:   */s/ Marc Salitore*
                                                            Timothy W. O'Neal
                                                            Asst. U.S. Trustee, SBOT 15283350
                                                            Marc Salitore
                                                            Trial Attorney, SBOT 24029822
                                                            110 N. College Avenue, Suite 300
                                                            Tyler, Texas 75702
                                                            (903) 590-1450; Fax (903) 590-1461

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was served on the following listed persons through the court's electronic notification system as permitted by Appendix 5005 III E to the Local Rules of the U.S. Bankruptcy Court for the Eastern District of Texas, by email correspondence where possible, or by first class United States Mail, postage prepaid, no later than March 7th, 2019.

                                                   /s/ John Vardeman
                                                   John Vardeman

**DEBTORS**
CFO Management Holdings, LLC
400 South Hope Street, Suite 1050
Los Angeles,, LA 90071

Frisco Wade Crossing Development Partners, LLC
400 South Hope Street, Suite 1050
Los Angeles, LA 90071

McKinney Executive Suites at Crescent Parc Development Partners, LLC
400 South Hope Street, Suite 1050
Los Angeles, CA 90071

Double Droptine Ranch LLC
400 South Hope Street, Suite 1050
Los Angeles, CA 90071

North-Forty Development LLC
400 South Hope Street, Suite 1050
Los Angeles, CA 90071

Christian Custom Homes, LLC
400 South Hope Street, Suite 1050
Los Angeles, CA 90071

Carter Family Office, LLC
400 South Hope Street, Suite 1050
Los Angeles, CA 90071

West Main Station Development, LLC
400 South Hope Street, Suite 1050
Los Angeles, CA 90071

Kingswood Development Partners, LLC
400 South Hope Street, Suite 1050
Los Angeles, CA 90071

**DEBTORS' COUNSEL**
Annmarie Chiarello
Winstead PC
500 Winstead Building
500 N. Harwood St.
Dallas, TX 75201

Jason A. Enright
Winstead PC
500 Winstead Building
2728 N. Harwood Street
Dallas, TX 75201

Joseph J. Wielebinski, Jr.
Winstead PC
500 Winstead Building
2728 N. Harwood Street
Dallas, TX 75201

**COMMITTEE**
Phillip Hokit
2204 Virginia Lane
Haslet, TX 76052

Douglas McLean
2705 Devonshire Dr.
Carrollton, TX 75007

Joyce Lasich
2900 Foxboro Dr.
Richardson, TX 75082

Don Frisbee, Jr.
4540 FM 66
Waxahachie, TX 75167

Karen Wright
510 Private Rd 206
Bonham, TX 75418

**NOTICES OF APPREARANCE**

J. Seth Moore
Kendal B. Reed
8080 Park Lane, Suite 700
Dallas, Texas 75231

Marcus A. Helt
Jason B. Binford
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201

LINEBARGER GOGGAN BLAIR & SAMPSON, LLP
2777 N. Stemmons Freeway
Suite 1000
DALLAS, TX 75207

Henry Oddo Austin & Fletcher, P.C.
1700 Pacific Avenue, Suite 2700
Dallas, Texas 75201

David B. Miller
Steven A. Schneider
SCHNEIDER MILLER REYNOLDS, P.C.
300 N. Coit Road, Suite 1125
Richardson, Texas 75080

Lewis Edgworth
c/o Christopher Edgeworth, Executor
P.O. Box 250756
Plano. TX 75025

Stephen E. Toomey
Attorney at Law
4200 S. Shepherd, Suite 212
Houston, Texas 77098