IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In re | § § § | Chapter 11 |
| CFO MANAGEMENT HOLDINGS, LLC[1] | § § § | Case No. 19-40426 |
| Debtor. | § § § | |

**CHAPTER 11 TRUSTEE'S MOTION UNDER RULE 9019 TO APPROVE SETTLEMENT AGREEMENT BETWEEN THE TRUSTEE, ON THE ONE HAND, AND SIERRA CONSTELLATION PARTNERS, LLC AND <u>LAWRENCE R. PERKINS, ON THE OTHER HAND</u>**

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you <u>must</u> file a written objection, explaining the factual and/or legal basis for opposing the relief.**

**No hearing will be conducted on this Motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading WITHIN TWENTYONE (21) DAYS FROM THE DATE OF SERVICE shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

**Notwithstanding the language above, the Trustee intends to seek a hearing on this Motion on or before Plan confirmation, which is currently set for October 20, 2020.**

---

[1] The following entities' bankruptcy cases and estates have been substantively consolidated with that of Debtor CFO Management Holdings, LLC (EIN# XX-XXX6987) for all purposes (see Docket No. 248): Carter Family Office, LLC (Case No. 19-40432); Christian Custom Homes, LLC (Case No. 19-40431); Double Droptine Ranch, LLC (Case No 19-40429); Frisco Wade Crossing Development Partners, LLC (Case No. 19-40427); Kingswood Development Partners, LLC (Case No. 19-40434); McKinney Executive Suites at Crescent Parc Development Partners, LLC (Case No. 19-40428); North-Forty Development LLC (Case No. 19-40430); and West Main Station Development, LLC (Case No. 19-40433). The following mailing address can be used for the consolidated Debtor with respect to these cases: c/o David Wallace, Chapter 11 Trustee, 4131 North Central Expressway, Suite 775, Dallas, Texas 75204.

TO THE HONORABLE BRENDA T. RHOADES, UNITED STATES BANKRUPTCY JUDGE:

David Wallace, in his capacity as Chapter 11 Trustee of the above-captioned Debtor (the "**Trustee**") files this *Motion Under Rule 9019 to Approve Settlement Agreement Between the Trustee, on the one hand, and SierraConstellation Partners, LLC ("**Sierra**") and Lawrence R. Perkins ("**Perkins**"), on the other hand*. (the "**Motion**"). In support of the Motion, the Trustee respectfully represents as follows:

## I.    JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334(b). This Court can hear and determine this matter in accordance with 28 U.S.C. § 157 and the standing order of reference of bankruptcy cases and proceedings in this District. This matter is a core proceeding, and venue for this Motion is proper in this district under 28 U.S.C. §§ 1408 and 1409. The Court has the authority to grant the requested relief under 11 U.S.C. § 502, Fed. R. Bankr. P. 9019, and Local Rule 9019-1.

## II.    RELIEF REQUESTED

2. The Trustee respectfully requests that the Court enter an order approving the Trustee's entry into the *Settlement Agreement* attached as **Exhibit A** to this Motion (the "**Settlement Agreement**") between and among the Trustee, Sierra, and Perkins, effective as of September 28, 2020. The Trustee also asks the Court to find that the automatic stay under Bankruptcy Code § 362 does not apply or, alternatively, that to the extent it applies, the automatic stay be lifted to allow for payment of the settlement amount and Defense Costs (as defined in the Policy) or Expense Reimbursement (as defined in the Settlement Agreement).

### III. FACTUAL AND PROCEDURAL BACKGROUND

**A.     General Background**

3.      On or about January 18, 2019, CFO Management Holdings, LLC (the "**Debtor**") was created to hold and manage the underlying assets in each of the following entities: Double Droptine Ranch LLC, North-Forty Development LLC, Christian Custom Homes, LLC, Carter Family Office, LLC, Kingswood Development Partners, LLC, West Main Station Development, LLC, Frisco Wade Crossing Development Partners, LLC, and McKinney Executive Suites at Crescent Parc Development Partners, LLC (collectively, "**Subsidiary Debtors**"). The Subsidiary Debtors engaged primarily in developing and selling residential and commercial real estate in the Collin and Denton Counties of Texas, and own and manage a wild game ranch in Southern Oklahoma.

4.      On February 17, 2019 (the "**Petition Date**"), the Debtor and the Subsidiary Debtors each commenced a case under chapter 11 of the Bankruptcy Code (collectively, as consolidated, the "**Bankruptcy Case**").

5.      On February 28, 2019, the Office of the United States Trustee formed an Official Unsecured Creditors' Committee, appointing five members to serve. *See* Docket No. 48.

6.      On April 4, 2019, the Court entered an order requiring that a chapter 11 trustee be appointed in the Bankruptcy Cases. *See* Docket No. 140. On April 10, 2019, the United States Trustee for the Bankruptcy Cases filed a notice of the appointment of David Wallace as Chapter 11 Trustee for the Debtor and Subsidiary Debtors' estates. *See* Docket No. 143. On April 24, 2019, the Court entered its order granting the United States Trustee's application to approve the appointment of David Wallace as Chapter 11 Trustee. *See* Docket No. 153.

7.  Prior to the Petition Date, Sierra had been engaged by Debtor CFO and the Subsidiary Debtors as their financial advisors and Perkins as their Chief Restructuring Officer (the "**Sierra Engagement**"). Perkins was the sole Director and Officer of the Estates of Debtor CFO and the Subsidiary Debtors until the appointment of the Trustee.

8.  On May 30, 2019, the Court entered its Order Authorizing the Employment and Retention of SierraConstellation Partners, LLC and Designation of Lawrence R. Perkins as Chief Restructuring Officer of Debtors Effective as of the Petition Date ( *see* Docket No. 196), but limited the retention period (as such term is defined in the Order) up to and through April 2, 2019.

9.  On August 15, 2019, the Court entered an order substantively consolidating the Debtor and Subsidiary Debtors and their estates for all purposes under the name and case of the Debtor, CFO Management Holdings, LLC. *See* Docket No. 248.

10. Sierra is asserting an Administrative Expense Claim in the approximate amount of $400,000.00 in the Bankruptcy Case.

11. The Trustee has asserted various claims against Sierra and Perkins, including claims for avoidable transfers.

12. An Executive Liability Insurance Policy was issued to CFO Management Holdings, LLC by AIG Specialty Insurance Company ("**AIG**") Policy No. 01-144-11-24 (the "**Policy**"). The Policy has a $5 million limit of liability, and provides coverage, subject to its terms and conditions, for "Claims first made against the Insured Persons during the Policy Period or Discovery Period" The Policy Period is defined as January 18, 2019 to January 18, 2020, extended by the Discovery Period identified in Endorsement #5 of the Policy. Perkins is defined as an Insured Person under Endorsement #3 of the Policy. The Policy allows AIG to pay Defense Costs (as defined in the Policy) to be paid on behalf of Perkins for covered matters.

13. The parties to the Settlement Agreement desire to avoid the expense and uncertainty involved in potentially protracted litigation and trial and desire to compromise, settle, and dispose of all possible claims that could be asserted in the Bankruptcy Cases or otherwise, except as set forth in the Settlement Agreement. The Committee has been kept apprised of settlement discussions with Sierra and Perkins, and has acknowledged that it will not oppose the terms of this Agreement, but if the Committee opposes this settlement (or if any party in interest in the bankruptcy case opposes this settlement), the Trustee will vigorously seek approval of this Agreement by the Bankruptcy Court.

### IV.   PROPOSED SETTLEMENT TERMS

14. The significant terms for the proposed settlement are as follows:

- Perkins will cause AIG to pay to the Trustee $350,000.00 within 7 business days after the Bankruptcy Court's approval of this settlement becomes a Final Order.

- Sierra will file a request for an administrative expense claim for an amount that may not exceed $100,000 no later than 10 days from the date of entry of a Final Order approving the Settlement Agreement, the allowance of which the Trustee will not oppose.

- The settlement is conditioned upon the Court's allowance of Sierra's $100,000 administrative claim.

- The Trustee agrees to, and the Committee does not oppose, allowance of a general unsecured non-priority claim for Sierra in an amount of $225,000.00.

- The Trustee agrees to ask the Court to allow AIG to pay Defense Costs (as that term is defined in the Policy) on behalf of Perkins as agreed to between Perkins and AIG as an expense reimbursement.

- Sierra and Perkins agree not to oppose Plan confirmation as long as the plan does not contain provisions contrary to the terms of the Settlement Agreement.

- Subject to Court approval, Sierra and Perkins each will be added as an Exculpated Party under the Plan and receive the same treatment under the Plan's release and exculpation provisions as other professionals.

- Upon the occurrence of conditions specified in the Settlement Agreement, the parties agree to mutual releases.

## V.    BASIS FOR SETTLEMENT

15. Federal Rule of Bankruptcy Procedure 9019 provides that, "On motion by the trustee and after notice and hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).

16. The United States Supreme Court has recognized that "Compromises are 'a normal part of the process of reorganization.'" *Protective Comm. for Ind. of TMT Trailer Ferry v. Anderson*, 390 U.S. 414 (1968) (quoting *Case v. Los Angeles Lumber Prods.*, 308 U.S. 106, 130 (1939). With respect to approving such compromises, the *TMT Trailer Ferry* Court further stated that a settlement in a bankruptcy case must be "fair and equitable" and within the "informed, independent judgment of the bankruptcy court." *Id.* at 424 (internal citations omitted). In making a determination as to whether a proposed settlement is fair and equitable within its informed, independent judgment, a bankruptcy court should consider the following: (i) the probabilities of ultimate success should the claim be litigated; (ii) the complexity, expense, and likely duration of such litigation; (iii) the possible difficulties of collecting on any judgment which might be obtained; and (iv) all other factors relevant to a full and fair assessment of the wisdom of the compromise. *Id.*

17. The Fifth Circuit has further expounded upon the *TMT Trailer Ferry*, stating that the factors from *TMT Trailer Ferry* should be applied to ensure that the compromise is "truly fair and equitable, and in the best interests of the estate." *In re Jackson Brewing Co.* 624 F.2d 599, 602 (5th Cir. 1980) (internal citations omitted). The Fifth Circuit distilled the factors to be analyzed by the bankruptcy court in reviewing a proposed settlement as follows:

    a) The probability of success in the litigation, with due consideration for the uncertainty of fact and law;

    b) The complexity and likely duration of the litigation and any attendant expense, inconvenience and delay, and

    c) All other factors bearing on the wisdom of the compromise.

*Id.* at 602. Subsequent decisions by the Fifth Circuit have further clarified the approval factors for a bankruptcy settlement.

18.    In *Foster Mortgage Corp.*, the Fifth Circuit elaborated on the "all other factors bearing on the wisdom of the compromise" third prong from *Jackson Brewing*, explaining that the most relevant "other factor" would be the "the paramount interest of creditors with proper deference to their reasonable views." *Conn. Gen. Life Ins. Co. v. United Cos. Fin. Corp. (In re Foster Mortgage Corp.)*, 68 F.3d 914, 917 (5th Cir. 1995) (citing *Drexel v. Loomis*, 35 F.2d 800, 806 (8th Cir. 1929). The Fifth Circuit then further interpreted its decision in *Foster Mortgage* to explain that two factors should be considered within the third prong from *Jackson Brewing*: namely, (i) the best interests of creditors, with proper deference to their reasonable views; and (ii) the extent to which the settlement is the product of arms-length bargaining, and not of fraud or collusion. *In re Cajun Elec. Power Co-op, Inc.*, 119 F.3d 349, 356 (5th Cir. 1997).

19.    Taken together, all of the relevant factors from the Supreme Court's and the Fifth Circuit's requirements for analysis of the proposed settlement weigh in favor of approval, as follows:

- <u>Probability of Success in Litigation</u>: All litigation presents a degree of risk. Although each of the parties firmly believes they would ultimately be successful on the merits of their respective claims, they wish to avoid the inevitable costs and delays associated with trying those claims, and believe that the proposed settlement represents a more efficient and economical

method of resolving its objections. Accordingly, the avoided costs and certainty of the results are a benefit to the creditors of the Debtor's estate.

- <u>Complexity, Expense and Likely Duration</u>: Resolving all issues in connection with the disputes among the parties will require the parties to research and brief complicated issues, as well as prepare for hearings or trials. In short, it could easily be costly and time-consuming to have the Court resolve all the disputes in this Bankruptcy Case, and the Trustee is of the belief that all parties benefit (as do the creditors of the Debtor's estate) from the efficiencies gained by avoiding contested hearings and litigation.

- <u>All Other Factors Bearing on the Wisdom of the Compromise</u>: All the creditors of Debtor will directly benefit from the approval of the Settlement Agreement. Most notably, the Debtor's estate will benefit from the reduction of the Sierra administrative claim, from the resolution of these long-outstanding disputes and the related costs of pursuing such disputes, and from the ability to focus estate resources on other matters. Furthermore, the proposed settlement is the result of arms-length negotiations among the Trustee and the parties, in consultation with the Committee. As such, when all "other factors bearing on the wisdom of the compromise" are considered, the proposed settlement merits approval.

## VI.    CONCLUSION

The Trustee respectfully requests that this Court enter an order (i) granting the relief requested herein and authorizing the Trustee to enter into the Settlement Agreement in substantially the form attached hereto as **Exhibit A** in accordance with Bankruptcy Rule 9019; (ii) to the extent it applies, lifting the automatic stay to allow for payment of the settlement amount and Defense Costs (as defined in the Policy) or Expense Reimbursement (as defined in the

Settlement Agreement); and (iii) granting all such further relief to which the Trustee may be entitled.

*[Remainder of this Page Intentionally Left Blank]*

Dated: September 30, 2020

Respectfully Submitted By:

/s/   *Judith W. Ross*
Judith W. Ross, State Bar No. 21010670
Frances A. Smith, State Bar No. 24033084
Eric Soderlund, State Bar No. 24037525
Jessica L. Voyce Lewis, State Bar No. 24060956
**Ross & Smith, PC**
700 N. Pearl Street, Suite 1610
Dallas, Texas 75201
Telephone: 214-377-7879
Facsimile: 214-377-9409
Email: judith.ross@judithwross.com
         frances.smith@judithwross.com
         eric.soderlund@judithwross.com
         jessica.lewis@judithwross.com

**COUNSEL TO CHAPTER 11 TRUSTEE
DAVID WALLACE**

## TRUSTEE DECLARATION

I declare under penalty of perjury that the foregoing is true and correct and I recommend approval of the Settlement Agreement under the case law guidelines.

David Wallace, Chapter 11 Trustee

## CERTIFICATE OF SERVICE

I certify that on September 30, 2020, I served or caused to be served a copy of the foregoing document (i) electronically on the Electronic Case Filing System for the United States Bankruptcy Court for the Eastern District of Texas, and (ii) via first-class mail by noticing agent Kurtzman Carson Consultants LLC ("**KCC**") on the parties listed on the Certificate of Service to be filed upon receipt from KCC.

/s/ *Eric Soderlund*
Eric Soderlund

**TRUSTEE'S MOTION UNDER RULE 9019 TO APPROVE SETTLEMENT AGREEMENT
WITH SIERRA AND PERKINS**                                                                     Page **10** of **10**